SCANNED at LoCI and E-Mailed
To USDC OHSD on 4/19
20 25 by ___ Nil ___
49

| **United States District Court** | District: **Southern District of Ohio** |
|---|---|
| Name (under which you were convicted): **Johnny Lee Trigg Jr.** | Docket or Case No.: |

| Place of Confinement: | Prisoner No. |
|---|---|
| **London Correctional Institution** | **A807-367** |
| **1580 State Route 56 SW, London, Ohio 43140** | |

| Petitioner (include the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) |
|---|---|---|
| **Johnny Lee Trigg Jr.** | V. | **Warden Aaron Mohr** |

| The Attorney General of the State of Ohio, David Yost |
|---|

## Petition

(1)     (a) Name and location of court that entered the judgment of conviction you are challenging:

**Montgomery County Court of Common Pleas**

**41 N. Perry Street, Dayton, Ohio 45422**

(b) Criminal Docket or case number (if you know):

**2022-CR-01448**

(2)     (a) Date of the judgment of conviction (if you know):

**October 14,2022**

(b) Date of sentencing:

**October 31,2022**

(3)     Length of sentence:

**36 months + 21 years to life in prison**

(4)     In this case, were you convicted on more than one count or more than one crime? **X** Yes _ No

(5)     Identify all crimes of which you were convicted and sentenced in this case:

**2 counts of murder and two counts of felonious assault merged into one count of murder. The court sentenced is to 18 years to life on the merged count and specification. The trial court also merged both counts of having weapons while under disability and sentenced to 36 months**

**to be served consecutively with the murder conviction. Total sentence to an aggregate term of 21 years to life in prison.**

(6)    (a) What was your plea? (check one)

           **X** (1) Not guilty        _ (3) Nolo contendere (No contest)

           _ (2) Guilty           _ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)    **X** Jury _ Judge only

(7)    Did you testify at a pretrial hearing, trial, or post-trial hearing?    _ Yes **X** No

(8)    Did you appeal, answer the following:    **X** Yes _ No

(9)    If you did appeal, answer the following:

    (a) Name of court: **Second District Court of Appeals, Montgomery County**

    (b) Docket or case number (if you know): **29637**

    (c) Result: **overruled**

    (d) Date of result (if you know): **October 6, 2023 (jury trial); October 18,2022 (bench trial)**

    (e) Citation to the case (if you know): **State v. Trigg 2024-Ohio-1386; 173 Ohio St.3d 1455**

    (f) Grounds raised: **1. The trial court erred in overruling the appelants motion to suppress. 2. The trial court erred in limiting the appellant's attempt to establish self-defense. 3. Appellant was denied effective assistance of counsel as guaranteed by Article 1, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments.**

    (g) Did you seek further review by a higher state court? **X** Yes _ No

    If yes, answer the following:

    (1) Name of court: **The Supreme Court of Ohio**

    (2) Docket or case number (if you know): **Gen-2024-0243**

    (3) Result: **declined jurisdiction**

    (4) Date of result (if you know): **April 16,2024**

    (5) Citation to the case (if you know): **173 Ohio St. 3d 1455, 2024-Ohio-1386, N.E.3d 1161**

    (6) Grounds raised: **1. The trial court's decision to decline appellant's request for self-defense instruction was not dependent upon any credibility determination, as even when taken in the light most favorable to the defendant, the evidence shows victim created the situation giving rise to the affray. 2.The appellant denied effective**

**assistance of counsel in violation of his Sixth Amendment, and Fourteenth Amendment of the U.S. Constitution.**

(h) Did you file a petition for certiorari in the United States Supreme Court? _ Yes **X** No

If yes, answer the following:

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of result Citation to the case (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

(10) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? **X** Yes _ No

(11) If your answer to question 10 was "Yes," give the following information:

**(a)** (1) Name of court: **Second Appellate District Court of Appeals**

(2) Docket or case number (if you know): **2022 CR 01448; C.A.29637**

(3) Date of the filing (If you know): **October 20,2023**

(4) Nature of the proceeding: **Order on Application for Reopening**

(5) Grounds raised: **Ineffective Assistance of Appellate Counsel**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? _ Yes **X** No

**(7)** Result: **denied**

(8) Date of result (if you know): **December 6,2023**

(b) If you filed and second, petition, application, or motion, give the same information:

(1) Name of court: **Second Appellate District Court of Appeals**

(2) Docket or case number (if you know): **2022 CR 01448; CA 29637**

(3) Date of the filing (If you know): **December 26,2023**

(4) Nature of the proceeding: **Appellant's application to Reopen Direct Appeal**

(5) Grounds raised: **1. The trial court erred by not instructing the jury on the Castle Doctrine. 2. The trial court abused its discretion in allowing the State to use knowingly false testimony of "Dareona" and "Dareon" Acker, and to cross examine Trigg on the Illegality of the gun. 3. The jury's verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. 4. The trial court erred in not applying Ohio's "stand your ground law." 5. Appellant was denied his constitutional guaranteed right to effective assistance of counsel when is trial counsel failed to call**

3

**critical defense witnesses, Leslie Owens, and Chris Billingsley in support of notice given to claim of self-defense under the castle doctrine.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?         _ Yes **X** No

(7) Result: **denied**

(8) Date of result (if you know): **N/A**

(c) If you filed and third, petition, application, or motion, give the same information:

(1) Name of court: **Montgomery County Court of Common Pleas**

(2) Docket or case number (if you know): **2022 CR 01448**

(3) Date of the filing (If you know): **May 7,2024 (September 10,2024)**

(4) Nature of the proceeding: **Motion for Leave to File a Delayed Motion for New Trial (abuse of discretion) (evidentiary hearing request)**

(5) Grounds raised: **trial court abused its discretion when it deprived the defendant of his right to a fair trial by informing the defendant that in order to accept a self-defense argument that the defendant was "required" to testify which violated his rights against self-incrimination, which also denied defendant's right to due process.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?         _ Yes **X** No

(7) Result: **pending**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:                  _ Yes **X** No

(2) Second petition:              **X** Yes _ No

(3) Third petition:                _ Yes **X** No

(e) If you did not appeal to the highest court having jurisdiction, explain why you did not:

**First Petition was not appealed to the highest court having jurisdiction due to misinformation.**

**Third Petition was not appealed to the highest court having jurisdiction because the lower court has not decided on this case to date.**

(12) For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

4

**Caution: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by a federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional ground at a later date.**

**GROUND ONE:**
**The petitioner was denied effective assistance of counsel in violation of amendments VI, and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**Counsel for petitioner was not prepared to represent the petitioner at trial. The retained defense attorney filed a Delayed Notice of Self-Defense within the 30 days of murder trial, and failed to include all of the arguments that should have been included in the Crim. R. 12.2 Notice.**

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    **X** Yes _ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post- Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    _ Yes **X No**

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    _ Yes _ No

    (4) Did you appeal from the denial of your motion or petition?    _ Yes _ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        _ Yes _ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you used to exhaust your state remedies on Ground One:

**GROUND TWO:**

**That the trial court erred in limiting the appellant's attempt to establish self-defense.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**The trial court abused its discretion by not allowing the defense/petitioner to introduce a self-defense claim and apply fairness into the trial.**

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     **X** Yes _ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post- Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     _ Yes **X** No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     _ Yes _ No

(4) Did you appeal from the denial of your motion or petition?     _ Yes _ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
_ Yes _ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you used to exhaust your state remedies on Ground Two:

**GROUND THREE: The trial court erred by not instructing the jury on the "Castle Doctrine".**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.): **The trial court did not give instructions on the Castle Doctrine because the trial court believed that the crime happened in a public place when in fact The Desoto Bass apartment complex is a private place.**

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    _ Yes **X** No

    (2) If you did raise this issue in your direct appeal, explain why: **appointed appellate attorney did not make this an issue.**

(d) **Post- Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     **X** Yes _ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **Application to Reopen Direct Appeal**

        Name and location of the court where the motion or petition was filed: **Second District Court of Appeals 41 N. Perry Street, Dayton, Ohio 45402**

        Docket or case number (if you know): **CA 029637**

        Date of the court's decision: **February 27,2024**

        Result (attach a copy of the court's opinion or order, if available): **affirmed**

    (3) Did you receive a hearing on your motion or petition?    _ Yes **X** No

    (4) Did you appeal from the denial of your motion or petition?    **X** Yes _ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **X** Yes _ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: **Ohio Supreme Court 65 South Front Street Columbus, Ohio 43215-3431**

Docket or case number (if you know): **GEN-2024-0243**

Date of court's decision: **June 25,2024**

Result (attach a copy of the court's opinion or order, if available): **declined jurisdiction**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you used to exhaust your state remedies on Ground Three:

**GROUND FOUR: The trial court erred in not applying Ohio's "stand your ground law."**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.): **Trial court did not allow an instruction as to any recognized defense for which there existed evidence sufficient for a reasonable jury to find in his favor.**

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? _ Yes **X** No

(2) If you did not raise this issue in your direct appeal, explain why: **appointed appellate attorney did not make this an issue.**

(d) **Post- Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **X** Yes _ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application to Reopen Direct Appeal**

Name and location of the court where the motion or petition was filed: **Second District Court of Appeals 41 N. Perry Street, Dayton, Ohio 45402**

Docket or case number (if you know): **CA 029637**

Date of the court's decision: **February 27,2024**

Result (attach a copy of the court's opinion or order, if available): **affirmed**

(3) Did you receive a hearing on your motion or petition? _ Yes **X** No

(4) Did you appeal from the denial of your motion or petition? **X** Yes _ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **X** Yes _ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Ohio Supreme Court 65 South Front Street Columbus, Ohio 43215-3431**

Docket or case number (if you know): **GEN-2024-0243**

Date of court's decision: **June 25,2024**

Result (attach a copy of the court's opinion or order, if available): **declined jurisdiction**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you used to exhaust your state remedies on Ground Four:

(13) Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  **X** Yes _ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

(14) Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenged in this petition?  _ Yes **X** No

If "Yes," state the name and location of the court, the docket or case number, type of proceeding, the issues raised, the date of the court's decision, and the result of each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

(15) Do you have any petition or appeal now pending (filed and not decided in yet) in any court, either state or federal, for the judgment you are challenging?  **X** Yes _ No

(f) If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. If you filed and third, petition, application, or motion, give the same information:

Name of court: **Montgomery County Court of Common Pleas**

Docket or case number (if you know): **2022 CR 01448**

Date of the filing (If you know): **May 7,2024 (September 10,2024)**

Nature of the proceeding: **Motion for Leave to File a Delayed Motion for New Trial (abuse of discretion) (evidentiary hearing request)**

Grounds raised: **trial court abused its discretion when it deprived the defendant of his right to a fair trial by informing the defendant that in order to accept a self-defense argument that**

9

**the defendant was "required" to testify which violated his rights against self-incrimination, which also denied defendant's right to due process.**

(16)   Give the name and address, if you know, of each attorney who represented you in the stages of the judgment you are challenging:

    (a) At preliminary hearing:

    **(b)** At arraignment and plea: **Attorney Charles W. Slicer 426 Patterson Road. 45419**

    **(c)** At trial: **Attorney Charles W. Slicer 426 Patterson Road. 45419**

    **(d)** At sentencing: **Attorney Charles W. Slicer 426 Patterson Road. 45419**

    **(e)** On appeal: **Attorney Michael Mills (0092133) 12 S. 2nd Street. Miamisburg, Ohio 45342**

    **(f)** In any post-conviction proceeding: **pro se**

    **(g)** On appeal from any ruling against you in a post-conviction proceeding: **pro se**

(17)   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       _ Yes **X** No

    (a)If so, give name and location of the court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    _ Yes _ No

(18)   TIMELINESS OF PETITION: If your judgment of conviction became final over one-year age, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. *

    * The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)      A one –year period of limitation shall apply to an application for a writ of habeas corpus by a   person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    The date on which the factual predicate of the claim or claims presented could have been discovered through the exercised of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Vacate Sentence after the AEDPA and Brecht Test Standard is applied.**

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (Month, date, year)

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is note the petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# UNITED DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO


**JOHNNY LEE TRIGG JR.**　　　　　　　　　　**CASE NO.**_____

**VS.**

**WARDEN AARON MOHR**


## MEMORANDUM OF LAW IN SUPPORT

The Petitioner brings before this Honorable Court his First Habeas Corpus Petition after full exhaustion in State Court proceedings. The Petitioner was charged with 2 counts of Murder pursuant to R.C. 2903.02, 2 counts of Felonious Assault pursuant to R.C. 2903.11 and 2 counts of Weapons Under Disability pursuant to 2923.13. The petitioner was found guilty and the courts merged those counts and sentenced the petitioner to 21 years to life plus 36 months to be ran consecutive.

The Petitioner appealed his conviction and the Second District Court of Appeals (Montgomery County) affirmed his conviction. The Petitioner addressed the issues to the Ohio Supreme Court and this court declined jurisdiction. Now the petitioner is within the time under the AEDPA to bring his Habeas Petition before this court.

There are two issues that the petitioner brings before this Honorable Court that consist of many complexed layers. Ineffective Assistance of Counsel (I.A.C)

1. The first (I.A.C) is that the Crim.R.12.2 was delayed which courts do not have to consider or accept evidence or give instructions that would have been in the favor of the petitioner.

2. The second (I.A.C) is that it left out vital informational favorable to the accused.

3. Third (I.A.C), is counsel failed to include in the Crim. R. 12.2 evidence (witnesses) that would have helped established a self-defense strategy which counsel failed to produce as a result of failing to conduct a substantial investigation into plausible lines of defense for reasons other than strategic choices.

**And**

The trial court erred in limiting the appellant's attempt to establish self-defense by not allowing;

1. Castle Doctrine instruction

2. Stand your ground instruction

3. Failed to secure the burden shifting self-defense instruction which prejudice the petitioner.

<u>**MEMORANDUM OF LAW IN SUPPORT**</u>

<u>**Memo of law no. 1**</u>

**The defendant was denied effective assistance of counsel in violation of amendments VI, and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.**

The first order of business for the petitioner is to establish ineffective assistance of counsel under **Strickland v. Washington, 466 U.S. 668.** Either the petitioner must succeed and or prove the required showing of either "deficient performance" or "sufficient prejudice".

Deficient performance requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Sufficient prejudice requires that the defendant must show that there is a reasonably probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

**ARGUMENT**

On May 19,2022 the petitioner retained counsel to represent him in what was first a felonious assault charge, to later turn into a murder charge.

On September 22,2022 the petitioner's trial attorney filed a Motion for leave to file a Delayed Notice of Self-Defense.

On September 27,2022 the petitioner's trial attorney filed a Notice of Intent to argue Self-Defense. (less than thirty days before trial) A failure to comply to Crim.R.12.2

On October 16,2022 the petitioner started trial.

**A SELF DEFENSE SHOULD BE PRESENTED AS SOON AS POSSIBLE IDEALLY DURING THE PRE-TRIAL PHASE.** In this case the petitioner's attorney did not present a partial defense until the trial was less than thirty days away.

According to Ohio Crim. R. 12.2 Notice of Intent the defendant **shall**, not less than thirty days before trial in a felony case…. give notice in writing of such intent. In this case the petitioner was represented by counsel Charles W. Slicer and the mandate was to be followed by counsel.

**"Shall"** means must. And, the word "must" is mandatory. It creates an obligation. It means obliged, required, and Imposes a physical or moral necessity." **Wilson v. Lawrence, 150 Ohio St.3d 368.**

The counsel in filing a "Delayed Notice of Self-Defense" for a murder case is a demonstration of both Deficient performance and Sufficient prejudice. The petitioner's counsel had only 5 months to prepare for the petitioner's defense. And from September 27,2022 (Notice of Intent to argue Self-Defense) to the petitioner's trial on October 16,2022 was only **19 days** before the plaintiff's murder trial. Clearly counsel's performance in this context fail below the efficiency standard and created a prejudice because the attorney by not adhering to the Ohio Criminal Rules (12.2) did not afford the petitioner a fair trial and representation. **Strickland v. Washington, 466 U.S. 668.** This is just one of many instances where the petitioner's attorney's

representation fails below standard. As the title of the Motion suggest a "**delayed** notice of intent" demonstrates that the trial attorney **was not prepared** to represent the petitioner or anyone in the case of a murder charge.

The second instant where the petitioner's attorney fail below standard is that the Petitioner's trial attorney excluded evidence in his Crim.R. 12.2 Notice that would have proven that the petitioner's actions warranted a self-defense instruction. Defense counsel denied the petitioner his right to present witness testimony to establish a defense. The Petitioner was denied his sixth amendment right to have compulsory process for obtaining witnesses in his favor. In the trial attorney's Notice of Intent to argue self-defense the attorney left out:

*A prior altercation that would have substantiated a turbulent past with the victim, where the victim was the assaulting person and aggressor. In failing to include the turbulent past between the victim and the petitioner the petitioner's trial attorney was in fact ineffective. Because the trial attorney's Crim.R.12.2 was not completed, several issues were not presented to the trial court on behalf of the petitioner and it*

*was prejudicial because counsel failed to conduct a substantial investigation into plausible lines of*

*defense for reasons other than strategic choice.*

"Counsel has no right to override what the client considers to be in his best interest". **Cavalieri v.**

**Clarke, 2022 U.S. Dist. Lexis 228261.**

    1."prior altercations", the petitioner would have been able to prove self-defense under sudden fit

of rage.

    2. "plaintiff's witness testimony", the petitioner would have been able to prove self-defense under

    sudden fit of rage and a showing of fear.

    3. "police report" of witnesses (victim's family) the petitioner would have been able to prove self-

    defense under sudden fit of rage.

    4. 'states witness testimony that proves a previous altercation that showed emotions of anger, and

    or furious resentment.

    5. "plaintiff would prove self-defense under "non-deadly" force (if presented) would substantiate,

    rather a guilty verdict of "sudden passion & fit of rage under 2903.03(A) because the victim was

    shot in the "buttocks" which is not considered an intent to cause the death.

While self-defense requires a showing of **fear**, voluntary manslaughter requires a showing of **rage, with**

**emotions of anger, hatred, jealousy, and/or furious resentment. State v. Mack, 1998-Ohio-375.**

**Evidence not presented in Crim.R.12.2: (exclusion)**

1.    Prior injury by victim (medical report) Plaintiff's injury caused by victim.

2.    Witnesses Testimony of prior altercation withheld by defense counsel (2nd petition)

3.    Police report of witnesses of victim's family members account of prior incident where victim assaulted petitioner.

In **Washington v. Strickland, 693 F.2d 1243**, The Court reasoned that, "The attorney equally fails to render effective assistance when he chooses among several plausible lines of defense, thereby excluding certain of them, for no strategic reason."

The Notice should have (shall):

1.    Include specific information as to any **prior incidents or circumstances** upon which defendant intends to offer evidence related to conduct of the alleged victim,

    **Prior incidents**

    a.   2013 banging loudly on petitioner's door about a parking space, verbal exchange

    b.   Victim stolen charcoal from petitioner's property

    c.   Mother's Day weekend victim brandishing gun toward petitioner

2.    And the names and addresses of **any witnesses' defendant may call** at trial to offer testimony related to the defense.

    Five witnesses that would have testified to the proof of "fear and rage".

    **Additional evidence**

    d.   Police Report

    e.   Victim's family testimony

    f.   Victim's criminal history (gun related)

Several witnesses of the victim's family that would have testified as to "fear and rage".

**Memo of Law No.2**

**That the trial court erred in limiting the appellant's attempt to establish self-defense.**

In Ohio there are 2 types of self-defense in Ohio **State v. Italiano, 2021-Ohio-1283**

1.      Self-defense against danger of bodily harm, or non-deadly force self-defense.

2.      Self-defense against danger of death or great bodily harm, or deadly force self defense

**Deadly force** means any force that carries a substantial risk that it will proximately result in the death of any person.

**Non deadly force** means any force that does not carry with it a substantial risk that it will proximately result in the death of a person.

**Williams v. Austen, 2021 U.S. Dist. Lexis 176715**, In this case, the argument differs between shots above the waste may result in.... "serious injury or death" and below the waste excluding the groin area, not being considered life threatening. In Williams the "Defendant was trained to aim anywhere below the waist, excluding the groin area, because a shot directed above the waist or in the groin area may result in serious injury or death." The victim in this case of the plaintiff, was shot in the "buttocks' and also believes that the word "backside of the body" is misleading of the facts.

"A criminal defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." **Matthews v. United States, 485 U.S. 58,63,108 S.Ct., 883,99 L.Ed. 2d 54 (1998).**

"[A] self-defense instruction **must** be given if there is evidence upon which the jury could rationally sustain the defense," that is, if the defendant provides more than "[a] mere scintilla of evidence." **United States v. Davidson, 108 F.4th 706.**

Under the Due Process clause of the 14th Amend., criminal prosecutions must comport with prevailing notions of fundamental fairness. Courts have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a **complete defense.**

**Memo of Law 3**

**The trial court erred by not instructing the jury on the "Castle Doctrine".**

**The trial court did not give instructions on the Castle Doctrine because the trial court believed that the crime happened in a public place when in fact The Desoto Bass apartment complex is/was a private establishment.**

"The term 'abuse of discretion' connotes more than an error

Of law or of judgment; it implies that the court's

Attitude is unreasonable, arbitrary or unconscionable."

**State v. Warner, 2010-Ohio-4940**

The Castle Doctrine relates to one component of self-defense, identifying circumstances under which a person need not retreat. **State v. Martin, 2018-Ohio-3505**.
*On March 19,2019 the passage of HB 228 became effective which included a "Burden Shifting Self-Defense Instruction under R.C. 2901.05".*

In this case before this Honorable Court, the trial court abused its discretion by **not** allowing the petitioner to apply **"any"** self-defense instruction which created a prejudice to the petitioner. The prejudice was created when the trial court abused its discretion when the "castle doctrine" instruction was not allowed.

The Castle doctrine presumption of self-defense is like the presumption of innocence, in underscoring the importance of the presumption. **State v. Jones 2022-Ohio-3162.**

The Supreme Court precedent clearly establishes that, '[i]n a criminal trial, the state must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. **Joseph v. Coyle, 469 F.3d 441, 464 (6th Cir. 2006).**

In this case before this Honorable Court, the trial court failed to give any instruction that would have placed the burden on the State. Between the counsels' failure to include all "prior incidents or circumstances" and any witness' defendant may call to prove self-defense that existed, any additional evidence in trial counsel's Crim.R.12.2, and trial courts failure to allow any type of self-defense instruction, the petitioner's trial was not fair and in fact felt like a "ambush trial" with conspiratorial proponents.

"A jury instruction that shifts or relieves the state of its burden of proof also violates due process". **Hanna v. Ishee, 694 F.3d 596,620 (6th Cir.2012).**


### Memo of law 4

**The trial court erred in not applying Ohio's "stand your ground law."**

> "The term 'abuse of discretion' connotes more than an error
> Of law or of judgment; it implies that the court's
> Attitude is unreasonable, arbitrary or unconscionable."
> **State v. Warner, 2010-Ohio-4940**

**Trial court did not allow an instruction as to any recognized defense for which there existed evidence sufficient for a reasonable jury to find in his favor.**

On April 6,2021 "The Stand your Ground law went into effect. SB175 amending R.C. 2901.09 indicated that, "a person has no duty to retreat before using self-defense*** if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B) further states that "[a] trier of fact shall not consider the possibility of retreat as a factor in determine whether or not a person who used force in self-defense***reasonably believed that the force was necessary to prevent injury, loss, or risk of life or safety.

In this case before this Honorable Court, the trial court abused its discretion by **not** allowing the petitioner to apply **"any"** self-defense instruction which created a prejudice to the petitioner. The prejudice was created when the trial court abused its discretion when the "castle doctrine" instruction was not allowed.

Throughout this Memorandum, the petitioner would like to make special notice that the word "shall" or "must" has been used throughout case law and criminal rules of law and statutes, which ought to mean something.

**"Shall"** means **must**. And, the word "must" is mandatory. It creates an obligation. It means obliged, required, and Imposes a physical or moral necessity." **Wilson v. Lawrence, 150 Ohio St.3d 368.**

Trial Courts must follow and apply Constitutional Legislative enactments. **State ex rel. Henry v. Civil Serv. Com, 1941 Ohio Misc. Lexis 300.**

Trial courts must follow the statutory procedures. **Miller v. Miller, 37 Ohio St.3d 71.**

Under the Due Process Clause of the 14th Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. This long interpreted standard of fairness requires that criminal defendants be afforded a meaningful opportunity to present a complete defense and in this case, the fundamental fairness was not applicable.

The trial court abused its discretion in not allowing any type of Self-Defense instruction and preventing the petitioner from having a fair trial. "Individual self-defense is the "central component" of the Second Amendment. **District of Columbia v. Heller, 554 U.S. 570.**

As the petitioner stated earlier, between the counsels' failure to include all "prior incidents or circumstances" and any witness' defendant may call to prove self-defense that existed, any additional evidence in trial counsel's Crim.R.12.2, and trial courts failure to allow any type of self-defense instruction, the petitioner's trial was not fair and in fact felt like a "ambush trial" with conspiratorial proponents.

**Wherefore**, the petitioner asks this Honorable Court to grant his Writ of Habeas Corpus for the violations of his U.S. and Ohio Constitutional Rights. And vacate petitioner's sentence.

## CERTIFICATION

I Johnny Lee Trigg Jr. hereby certify that a copy of this Memorandum of Law is being sent by U.S. Regular Mail to the Walter H. Rice Federal Bldg. & U.S. District Court Southern District Office of the Clerk-Dayton at 200 West Second Str. Rm 712 Dayton, Ohio, 45402 on this __18__ day of __april_____, 2025.


Johnny Lee Trigg Jr.
#807-367
London Correctional Institution
1580 St.Rt.56 SW
London, Ohio 43140

## AFFIDAVIT

I Johnny Lee Trigg Jr. hereby attest to the facts:

1. Trial Attorney Charles Slicer did not complete a **Crim.R.12.2** using any of my witnesses and evidence presented.

2. Trial Attorney Charles Slicer did not complete a substantial investigation into plausible lines of defense for reasons other than strategic choice.

3. Trial Attorney Charles Slicer did not include all prior incidents of:

   a. affidavits and testimony from several witnesses of victims' family and petitioner's friends that would have established a turbulent past between the victim and the petitioner.

   b. police report from officers that would have testified that witnesses saw the victim assault the petitioner.

   c. documentation that the victim has a history of carrying weapons and that on the day of the incident did have a gun on or about his possession.

   d. trial attorney was not prepared for trial and filed a late Crim.R.12.2 less than thirty days prior to trial which trial court denied.

   The petitioner attest to all the facts above being true to the best of his ability and would testify to the points in the petition, memorandum, and affidavit.

**NOTARY**

State of _____ )

      ) SS:

County of _____ )


_____

Affiant's Signature


**IN WITNESS WHEREOF**, I have hereunto set my hand and seal this _____ day of

_____,2025.


    The foregoing instrument was acknowledged by me this_____ day of

_____,2025 by _____ who is personally known by

me or who has/have produced identification.


_____

Notary Public