**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOHNNY LEE TRIGG, JR.,

                Petitioner,          :      Case No. 3:25-cv-00119

    - vs -                        District Judge Michael J. Newman
                                      Magistrate Judge Michael R. Merz

WARDEN,
 London Correctional Institution,

                                 :
                Respondent.

---

## DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO STAY

---

This habeas corpus case, brought *pro se* by Petitioner Johnny Lee Trigg, Jr., pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for a Stay Pursuant to Federal Rule of Civil Procedure 62 (ECF No. 18).  Respondent opposes the stay (ECF No. 22) and Petitioner has filed a reply in support, captioned Rebuttal/Opposition (ECF No. 25).

Fed.R.Civ.P. 62 does not address a stay in these circumstances, but District Courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner seeks a stay to permit completion of the appellate process in his post-conviction collateral attacks on his conviction.  He recites that he has pending an appeal to the Supreme Court of Ohio from denial of his post-conviction petition under Ohio Revised Code § 2953.21 and

1

delayed motion for new trial.  However, he provides no proof of the pendency of such an appeal.

He attaches to his Motion a copy of the decision affirming on appeal denial of his post-conviction motions. *State v. Trigg*, Case No. C.A. No. 30510 (Ohio App. 2d Dist. Feb. 20, 2026)(copy at ECF No. 18, PageID 1190, *et seq*.).  Under Ohio Supreme Court Rules of Practice, his time to appeal to the Ohio Supreme Court would have expired forty-five days later on April 6, 2026.

Without seeing what Petitioner has filed in the Ohio Supreme Court, this Court is unable to make a fully-informed decision on whether Petitioner qualifies for a stay under *Rhines*. Accordingly, the Motion for Stay is DENIED without prejudice to its renewal when accompanied by a copy of Petitioner's filings in the Supreme Court of Ohio in his current appeal.  Any renewed motion for stay should advise the Court of why Petitioner believes his current Petition is a "mixed" petition, i.e. what unexhausted claims it contains.

May 1, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

2