# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

JOHNNY LEE TRIGG, JR.,

                          Petitioner,     :     Case No. 3:25-cv-00119

   - vs -                                 District Judge Michael J. Newman
                                        Magistrate Judge Michael R. Merz

WARDEN,
 London Correctional Institution,

                                        :
          Respondent.

=======================================

## DECISION AND ORDER

=======================================

This habeas corpus case, brought *pro se* by Petitioner Johnny Trigg to obtain relief from his convictions in the Montgomery County Court of Common Pleas for murder and having weapons under disability, is before the Court on Trigg's Motion to Stay and Hold in Abeyance and Motion to Amend (ECF No. 28).

Two weeks ago, just after the transfer of the Magistrate Judge reference of this case from Magistrate Judge Caroline Gentry, the undersigned denied a prior Motion for Stay (ECF No. 18). Petitioner sought a stay pending completion of his appeal to the Supreme Court of Ohio from the decision of the Ohio Second District Court of Appeals affirming denial of his petition for post-conviction relief under Ohio Revised Code § 2953.21 (Decision and Order, ECF No. 26, PageID 1237-38, citing *State v. Trigg*, Case No. C.A. No. 30510 (Ohio App. 2d Dist. Feb. 20, 2026)(copy at ECF No. 18, PageID 1190, *et seq*.)).  Petitioner had included no evidence that he actually had such an appeal pending and the denial was without prejudice to renewal if a pending appeal could

1

be shown (ECF No. 26, PageID 1238). The Order further provided that any renewed motion for stay must be accompanied by a copy of Petitioner's filings in the Supreme Court of Ohio in his current appeal and "any renewed motion for stay should advise the Court of why Petitioner believes his current Petition is a "mixed" petition, i.e. what unexhausted claims it contains." *Id.*

Petitioner's instant Motion does not comply with the Court's Order.  Instead of filing copies of his filing in the Supreme Court of Ohio, he has filed only a copy of the docket sheet from that court showing he had an open appeal as of April 16, 2026.  The Court's Order to produce the Supreme Court filings was in no way prompted by idle curiosity; the Court needs to evaluate those filings to determine if they support a stay.  The Motion to Stay is denied without prejudice to its renewal upon compliance with the prior Order.

Petitioner's Motion to Amend is also not in correct form.  A motion to amend should have the proposed amended petition attached so that the Court can evaluate it under the standard announced in *Foman v. Davis*, 371 U.S. 178 (1962).  Instead of offering proposed Grounds for Relief such as would be found in a habeas petition prepared under Rule 2, Petitioner has merely offered labels of possible claims:  "Brady violations, prosecutorial misconduct, judicial misconduct, Equal Protection, Due Process (procedural & substantive), ineffective appellate counsel and other grounds as related back to the trier of facts asserted within the complaint" (Motion, ECF No. 28, PageID 1241).  The Motion to Amend is denied without prejudice to its renewal in proper form (i.e. accompanied by a proposed amended petition).

When Magistrate Judge Gentry ordered the Warden to answer the Petition, she set a date for Petitioner to file a reply of twenty-one days after the Return was filed (Order, ECF No. 7, PageID 152).  The Return was filed November 25, 2025 (ECF No. 13), making the Reply due December 16, 2025.  Instead of filing a reply, Petitioner sought and received a one-month extension due to

2

"re-construction of the London Correctional Institutional Law Library." (ECF No. 14).  When that extension expired, Trigg sought an additional ninety days for the same reason[1].  Judge Gentry granted that extension, but as of May 15, 2026, 171 days later, Trigg has still not filed a reply. Twenty-one days is the standard time to require filing of a reply in habeas corpus cases in this Court; Trigg has now received more than eight times the usual amount of time.   The Court will give Petitioner one last chance to file a Reply; his time to do so is *sua sponte* extended to and including June 1, 2026.  No further extensions will be granted.  If he does not file a Reply by that date, his right to do so will be forfeited and the Court will proceed to decide the case on the pleadings already filed.

May 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] In fact he used the same form as before, but hand-lettered "90" over the prior "30".  PageID 1183.

3