# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOHNNY LEE TRIGG, JR.,

      Petitioner,  :  Case No. 3:25-cv-00119

 - vs -         District Judge Michael J. Newman
             Magistrate Judge Michael R. Merz

 WARDEN,
 London Correctional Institution,

            :
     Respondent.

## DECISION AND ORDER DENYING RENEWED MOTION FOR STAY

This habeas corpus case, brought *pro se* by Petitioner Johnny Trigg to obtain relief from his convictions in the Montgomery County Court of Common Pleas for murder and having weapons under disability, is before the Court on Trigg's Renewal Motion to Stay (ECF No. 32).

Trigg's initial Petition was docketed in this Court on April 19, 2025 (ECF No. 1).  He filed an unsigned Amended Petition and then a signed Amended Petition on May 13, 2025 (ECF No. 6).  On August 1, 2025, Magistrate Judge Caroline Gentry ordered the State to Answer the Amended Petition (ECF No. 7).  At the time of Respondent's Return of Writ, the pending claims before this Court were

> **Ground One:** Petitioner was denied effective assistance of counsel in violation of amendments VI, and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.

1

> **Supporting Facts:** Counsel for petitioner was not prepared to represent the petitioner at trial. The retained defense attorney filed a Delayed Notice of Self-Defense within the 30 days of murder trial, and failed to include all of the arguments that should have been included in the Crim. R. 12.2 Notice.
>
> **Ground Two:** That the trial court erred in limiting the appellant's attempt to establish self-defense.
>
> **Supporting Facts:** The trial court abused its discretion by not allowing the defense/petitioner to introduce a self-defense claim and apply fairness into the trial.
>
> **Ground Three:** The trial court erred by not instructing the jury on the "Castle Doctrine."
>
> **Supporting Facts:** The trial court did not give instructions on the Castle Doctrine because the trial court believed that the crime happened in a public place when in fact The Desoto Bass apartment complex is a private place.
>
> **Ground Four:** The trial court erred in not applying Ohio's "stand your ground law."
>
> **Supporting Facts:** Trial court did not allow an instruction as to any recognized defense for which there existed evidence sufficient for a reasonable jury to find in his favor.

(Amended Petition, ECF No. 6, PageID 105-108).

When ordering a return of writ, Judge Gentry set a reply deadline of twenty-one days after the Answer/Return was filed (Order, ECF No. 7, PageID 152). Because the Return was filed November 24, 2025, the Reply was due December 19, 2025, three days being added because Petitioner was served by mail. Petitioner took an extension of that due date first to January 20, 2026 (ECF No. 15) and then to April 14, 2026 (ECF No. 17). Instead of filing a reply by the extended due date, Petitioner has moved three times for a stay (ECF Nos. 18, 28, and 32).

Petitioner has never been granted a stay and has never yet filed a reply. Most recently, the Magistrate Judge *sua sponte* extended his time to do so to June 1, 2026, but warned that no further

extensions would be granted and Petitioner would be deemed to have waived his right to reply if he did not do so by June 1, 2026 (ECF No. 29).

Most recently the undersigned denied Petitioner's second motion to stay because he had not complied with the order of this Court to (1) supply copies of his filings in the Supreme Court of Ohio and (2) explain why his pending Amended Petition is a "mixed" petition containing exhausted and unexhausted claims for relief.  While his present Renewal Motion satisfies the first condition, it does not satisfy the second.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the case in which the Supreme Court recognized district court authority to stay habeas proceedings, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

*Rhines* provides a way to avoid dismissing a "mixed" habeas petition, allowing eventual resolution of all claims in one habeas case.  In the absence of a stay, a district court is obliged to dismiss a mixed petition, one which contains some exhausted claims and some unexhausted

3

claims.

The claims Petitioner has pending before the Ohio Supreme Court are

**Proposition of Law No. 1 :**

Trial court abused its discretion by denying appellant's post-conviction without evidentiary hearing.

**Proposition of Law No.  Il :**

Trial court abused its discretion by applying *res judicata* after merging independent arguments motions by defendant.

(Memorandum in Support of Jurisdiction, attached to ECF No. 32, PageID 1338).

Neither one of these Propositions of Law raises a federal constitutional question.  Whether or not a state court has abused its discretion is a question of Ohio law, not controlled by the United States Constitution  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  Whether or not the doctrine of *res judicata* bar reconsideration of an issue is also a question of Ohio law, not federal constitutional law.

Because neither one of the issues pending before the Ohio Supreme Court is a federal constitutional issue, Trigg's pending Amended Petition is not a mixed petition.  The Renewal Motion for Stay is accordingly DENIED.

May 26, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

4