# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY LEE TRIGG, JR.,

               Petitioner,

       - vs -

  WARDEN,
  London Correctional Institution,

            Respondent.

:  Case No. 3:25-cv-00119

  District Judge Michael J. Newman
  Magistrate Judge Michael R. Merz

:

:

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Johnny Trigg to obtain relief from his convictions in the Montgomery County Court of Common Pleas for murder and having weapons under disability, is before the Court for decision on the merits. Relevant pleadings are the Amended Petition (ECF No. 6), the State Court Record (ECF No. 12), the Respondent's Return of Writ (ECF No. 13) and Petitioner's Traverse (ECF No. 34).

**Litigation History**

On June 3, 2022, the Montgomery County Grand Jury indicted Trigg on one count of murder in violation of Ohio Revised Code § 2903.02(B) (Count 1), one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) (Count 2), one count of murder in violation of Ohio Revised Code § 2903.02(B) (Count 3), one count of felonious assault in violation of Ohio

1

Revised Code § 2903.11(A)(2) (Count 4), and two counts of having weapons under disability in violation of Ohio Revised Code § 2923.13(A)(2) (Counts 5-6). (Indictment, State Court Record, ECF No. 12, Ex. 1).

Counts 1 through 4 were tried to a jury which returned a guilty verdict.  The weapons under disability counts were tried to the bench and the trial judge also found Trigg guilty.  He was sentenced to eighteen years to life in the murder case plus 1,220 days for violation of parole in another case.

With new counsel, Trigg appealed to the Ohio Court of Appeals for the Second District, pleading the following assignments of error:

> 1. The trial court erred in overruling the appellant's motion to suppress.
>
> 2. The trial court erred in limiting the appellant's attempt to establish self-defense.
>
> 3. Appellant was denied effective assistance of counsel as guaranteed by Article 1, Section 10 of the Ohio Constitution and the Sixth and Fourteenth amendments.

(Appellant's Brief, State Court Record, ECF No. 12, Ex. 19, PageID 224).  The Second District struck Trigg's proffered *pro se* brief and affirmed.  *State v. Trigg*, 2023-Ohio-3660 (Ohio App. 2d Dist. Oct. 6, 2023). The Ohio Supreme Court granted Trigg's motion to file a delayed notice of appeal, but then declined to exercise jurisdiction.  *State v. Trigg*, 174 Ohio St.3d 1506 (2024).

On September 18, 2023, Trigg filed an Amended Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 12, Ex. 43).  On the same day, he filed a motion for leave to file a delayed motion for new trial. *Id.* at Ex. 46.  The trial court overruled the Petition and denied the motion in the same order on May 14, 2025. *Id.* at Ex. 45.

Trigg appealed to the Second District which affirmed.  *State v. Trigg*, 2026-Ohio-585 (Ohio App.

2d Dist. Feb. 20, 2026).  On March 25, 2026, Trigg appealed to the Ohio Supreme Court.  *State v.*

*Trigg*, Case No. 2026-0354.  That case remains open as of the date of this Report.

On October 20, 2023, Trigg, pro se, filed an application to reopen in the court of appeals

under Ohio Rule of Appellate Procedure 26(B), raising the following assignments of error:

> 1. Whether the trial court's failure to give a jury instruction on the "Castle Doctrine" was an abuse of discretion which resulted in a decision that was an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the [Supreme] Court, but unreasonably applies that principle to the facts of the case?
>
> 2. Whether the trial court's actions in allowing the State to use knowingly false testimony, and cross examining Trigg on the illegality of the gun was an abuse of discretion which resulted in a decision that was an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the [Supreme] Court, but unreasonably applies that principle to the facts of the case?
>
> 3. Whether the jury lost its way after being poisoned by knowingly false testimony given by Dareona and Dareon Acker, on top of the State's cross examining of Trigg on illegality of the gun, and allowing the false testimony given about "Dareon" removel [sic] of a gun from the homicide victim's body at the crime scene going uncorrected, created such a manifest miscarriage of justice that resulted in a decision that was an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the [Supreme] Court, but unreasonably applies that principle to the facts of the case?
>
> 4. Whether the trial court's failure to give a jury instruction on "self-defense" under Ohio's Stand Your Ground Law was an abuse of discretion that resulted in a decision that was an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decision of the [Supreme] Court, but unreasonably applies that principle to the facts of the case?
>
> 5. Whether trial counsel was not performing as effective counsel Appellant was constitutionally guaranteed, by failing to call critical defense witnesses "Leslie Owens" and "Chris Billingsley" resulted

3

in his counsel's performance being so deficient, that Appellant was prejudiced and resulted from a breakdown in the adversarial process that render the result unreliable?

(Application, State Court Record, ECF No. 12, Ex. 37). The Second District denied the Application on December 6, 2023. *Id.* at Ex. 39. Trigg then filed a second application under Rule 26(B). *Id.* at Ex. 40. The Second District denied this Application on the grounds that Ohio allows only one 26(B) application in a case and because *res judicata* bars claims which were made or could have been made in the prior 26(B) Application. *Id.* at Ex. 41.

Trigg filed his Amended Petition in this Court May 14, 2025, pleading the following grounds for relief:

> **Ground One:** Petitioner was denied effective assistance of counsel in violation of amendments VI, and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.
>
> **Supporting Facts:** Counsel for petitioner was not prepared to represent the petitioner at trial. The retained defense attorney filed a Delayed Notice of Self-Defense within the 30 days of murder trial, and failed to include all of the arguments that should have been included in the Crim. R. 12.2 Notice.
>
> **Ground Two:** That the trial court erred in limiting the appellant's attempt to establish self-defense.
>
> **Supporting Facts:** The trial court abused its discretion by not allowing the defense/petitioner to introduce a self-defense claim and apply fairness into the trial.
>
> **Ground Three:** The trial court erred by not instructing the jury on the "Castle Doctrine."
>
> **Supporting Facts:** The trial court did not give instructions on the Castle Doctrine because the trial court believed that the crime happened in a public place when in fact The Desoto Bass apartment complex is a private place.
>
> **Ground Four:** The trial court erred in not applying Ohio's "stand your ground law."

4

**Supporting Facts:** Trial court did not allow an instruction as to any recognized defense for which there existed evidence sufficient for a reasonable jury to find in his favor.

(Amended Petition, ECF No. 6, PageID 105-108).

# Analysis

**Ground One:  Ineffective Assistance Of Trial Counsel:  Failure to Properly Present the Defense of Self-defense**

In his First Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney filed a notice of intent to rely on self-defense later than required by the Ohio Rules of Criminal Procedure and did not include all the arguments which should have been included.

Trigg presented this claim as his third assignment of error on direct appeal and the Second District decided it as follows:

> {¶ 37} Under his third assignment of error, Trigg claims that his trial counsel provided ineffective assistance by failing to include all necessary facts regarding his self-defense claim in the written notice required by Crim.R. 12.2. We again disagree.
>
> {¶ 38} This court reviews alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, in order to prevail on an ineffective assistance claim, a defendant must show that his trial counsel rendered deficient performance and that his counsel's deficient performance prejudiced the defense. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 39} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

{¶ 40} To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 41} As previously discussed, Trigg claims that his trial counsel performed deficiently by failing to include all necessary information in the notice of self-defense required by Crim.R. 12.2, which provides as follows:

> Whenever a defendant in a criminal case proposes to offer evidence or argue self-defense, defense of another, or defense of that person's residence, the defendant shall, not less than thirty days before trial in a felony case and fourteen days before trial in a misdemeanor case, give notice in writing of such intent. The notice shall include specific information as to any prior incidents or circumstances upon which defendant intends to offer evidence related to conduct of the alleged victim, and the names and addresses of any witnesses defendant may call at trial to offer testimony related to the defense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant related to the defense, unless the court determines that in the interest of justice such evidence should be admitted.

Crim.R. 12.2.

{¶ 42} In this case, after testifying that Taylor had struck him in the mouth with a pistol over Mother's Day weekend in 2022, Trigg attempted to testify about another encounter he had had with Taylor that allegedly occurred between the Mother's Day weekend assault and the May 18th shooting. The State, however, objected to Trigg's testifying regarding that encounter on grounds that it had not been contained in Trigg's Crim.R. 12.2 notice. The trial court sustained the State's objection, and Trigg was prohibited from testifying

6

regarding his additional encounter with Taylor. *See* Trial Tr. Vol. IV, p. 501-502. Trigg now suggests that his trial counsel's failure to include the information regarding his additional encounter with Taylor in the Crim.R. 12.2 notice prejudiced him because it prevented him from giving testimony in support of his self-defense claim.

{¶ 43} Even if we were to determine that Trigg's trial counsel performed deficiently by failing to include the information at issue in the Crim.R. 12.2 notice, Trigg cannot establish that he was prejudiced by counsel's failure; Trigg would not have been entitled to a self-defense jury instruction even if his trial counsel had included the information regarding his prior encounter with Taylor in the Crim.R. 12.2 notice. Regardless of what happened between Trigg and Taylor during their prior encounters, Trigg testified that, on the morning of the shooting, he fired multiple shots at Taylor while Taylor was running away from him. That testimony, combined with the evidence establishing that Taylor was shot in the backside of his body, prevented a self-defense claim because it showed that Trigg had not had a bonafide belief that he was in imminent danger of bodily harm. It also indicated that Trigg shot Taylor with the purpose to injure him, not to defend against an attack. Accordingly, counsel's failure to include the information at issue in the Crim.R. 12.2 notice had no effect on the outcome of Trigg's trial, meaning that Trigg was not prejudiced by counsel's failure to include that information in the notice. Without a showing of prejudice, Trigg's ineffective assistance of counsel claim necessarily fails.

{¶ 44} Trigg's third assignment of error is overruled.

*State v. Trigg, supra.*

To obtain habeas corpus relief, a petitioner must prove that his conviction is contrary to or results from an unreasonable application of law clearly established by decision of the United States Supreme Court.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011);

*Brown* v. *Davenport*, 596 U. S. 118, 135 (2022); *Klein* v. *Martin*, 607 U. S. 213, 220–221 (2026) (*per curiam*); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Trigg's First Ground for Relief raises a constitutional question:  did he receive ineffective assistance of trial counsel?  The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*,  466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The

9

> likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The Second District recognized *Strickland* as providing the governing standard. It reasonably applied *Strickland* by concluding that even if trial counsel's failure to include the second encounter between Trigg and Taylor was deficient performance, Trigg suffered no prejudice because he admitted shooting Taylor while Taylor was running away.

Whether or not Ohio law would recognize self-defense under those circumstances is a question of Ohio law on which this Court must defer to the Ohio courts. In applying *Strickland*, it is perfectly permissible for a court to decide the prejudice question first. *Strickland, supra.*

Because the Second District's decision of Assignment of Error Three is objectively reasonable, Ground One should be dismissed with prejudice.

**Ground Two:  Trial court error in limiting the appellant's attempt to establish self-defense**

In his Second Ground for Relief, Petitioner asserts that the trial court erred in not allowing his attempts to establish that he acted in self-defense.

As Respondent points out, this claim as pleaded does not comply with the Rules Governing § 2254 Cases in that it does not specify what the trial court did that was an abuse of discretion. Furthermore, abuse of discretion in itself is not a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Nevertheless, as a *pro se* litigant, Trigg is entitled to a liberal construction is his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court will construe Trigg's Amended Petition as raising the same claim as he made in his Second Assignment of Error on appeal.

On direct appeal, Trigg argued as his Second Assignment of Error that the trial court should have given a self-defense jury instruction. In overruling that assignment, the Second District wrote:

{¶ 28} Under his second assignment of error, Trigg contends that the trial court erred by denying his request for a self-defense jury instruction. We disagree.

{¶ 29} "After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus. "Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." (Citations omitted.) *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240.

{¶ 30} "When considering a self-defense instruction, the trial court must determine whether the evidence presented, if believed, reasonably would support a self-defense claim." *State v. Cunningham*, 2d Dist. Montgomery No. 29122, 2023-Ohio-157, ¶ 13, citing *State v. Wilson*, 2d Dist. Clark No. 2021-CA-68, 2022-Ohio-3763, ¶ 40. "To warrant an instruction on self-defense, there must be evidence presented that supports the conclusion that the defendant used force to defend himself or herself." *State v. Lovett*, 2d Dist. Montgomery No. 29240, 2022-Ohio-1693, ¶ 41, citing R.C. 2901.05(B)(1). Specifically, "a defendant must introduce evidence showing that: (1) he or she was not at fault in creating the violent situation; (2) he or she had a bona fide belief that he or she was in imminent danger of bodily harm; and (3) he or she did not violate any duty to retreat or avoid the danger." *Id.*, citing *State v. Brown*, 2017-Ohio-7424, 96 N.E.3d 1128, ¶ 24 (2d Dist.), citing *State v. Thomas*, 77 Ohio St.3d 323, 326, 673 N.E.2d 1339 (1997).

{¶ 31} As to the first element of self-defense, "[i]t is well established that a person cannot provoke a fight or voluntarily enter combat and then claim self-defense." *State v. James*, 2d Dist. Montgomery No. 28892, 2021-Ohio-1112, ¶ 21, citing *State v. Wallace-Lee*, 2d Dist. Greene No. 2019-CA-19, 2020-Ohio-3681, ¶ 39. "[T]he second element of self-defense (bona fide belief) ' "requires consideration of the force that was used in relation to the danger the accused believed he was in." ' " *State v. Barker*, 2022-Ohio-3756, 199

11

N.E.3d 626, ¶ 28 (2d Dist.), quoting *State v. Rothermel*, 2d Dist. Montgomery No. 26004, 2014-Ohio-3168, ¶ 14, quoting *State v. Bayes*, 2d Dist. Clark No. 2000-CA-0032, 2000 WL 1879101, *4 (Dec. 29, 2000). "It is well established that a person may only use 'that force which is reasonably necessary to repel the attack.' " *Id.*, quoting *State v. Paschal*, 2d Dist. Montgomery No. 18262, 2001 WL 395354, *2 (Apr. 20, 2001), quoting *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990). "If the force used was so disproportionate that it shows a purpose to injure, self-defense is unavailable." *Id.*, citing *Wallace-Lee* at ¶ 43.

{¶ 32} As to the third element of self-defense, we note that the law in Ohio now indicates that "a person has no duty to retreat before using force in self-defense * * * if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B). Accordingly, the law has "remove[d], in most cases, the duty to retreat before using self-defense." *State v. Degahson*, 2d Dist. Clark No. 2021-CA-35, 2022-Ohio-2972, ¶ 15.

{¶ 33} "[T]he trial judge is in the best position to gauge the evidence before the jury and is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction." *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72, citing *State v. Wolons*, 44 Ohio St.3d 64, 541 N.E.2d 443 (1989), paragraph two of the syllabus. Accordingly, we review a trial court's refusal to submit a requested jury instruction for an abuse of discretion. *Wolons* at 68; *State v Barker*, 2022-Ohio-3756, 199 N.E.2d 626, ¶ 18 (2d Dist.). Most instances of abuse of discretion occur when a trial court makes a decision that is unreasonable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 34} Upon review, we find that the trial court reasonably concluded that the testimony and evidence presented at trial did not entitle Trigg to a self-defense jury instruction. Even crediting Trigg's testimony that he feared Taylor due to Taylor's previously having assaulted him, and even crediting Trigg's testimony that Taylor had tried to fire a gun at him during the encounter at issue, the fact remained that Trigg testified that Taylor had run away after his gun failed to fire. Trigg then specifically admitted to firing multiple shots at Taylor as Taylor was running away from him. *See* Trial Tr. Vol. IV, p. 530. It is also significant that the evidence established that both of Taylor's gunshot wounds were inflicted on the backside of his body.

12

{¶ 35} Once Taylor ran away, Trigg could no longer have had a bonafide belief that he was in imminent danger of bodily harm. Despite this, Trigg fired multiple shots at Taylor as he was running away. As previously discussed, a defendant can only use force that is reasonably necessary to repel the attack. *Barker*, 2022-Ohio-3756, 199 N.E.3d 626, at ¶ 28. Here, Trigg's testimony established that Trigg used force while Taylor was retreating, not attacking, which meant Trigg's force was disproportionate and showed a purpose to injure Taylor. Therefore, the trial court did not abuse its discretion by finding that the evidence did not warrant a jury instruction on self-defense.

{¶ 36} Trigg's second assignment of error is overruled.

*State v. Trigg, supra.*  Trigg has not shown that the Second District's decision misstates Ohio law or that the Second District made an unreasonable determination of the facts based on the evidence: Trigg himself admitted shooting Taylor as Taylor was running away.

Ground Two should therefore be dismissed on the merits.

**Ground Three: The trial court erred by not instructing the jury on the "Castle Doctrine"**

**Ground Four:  The trial court erred by not instructing the jury on Ohio "stand your ground" law**

In his Third and Fourth Grounds for Relief, Petitioner claims the trial court erred by not instructing the jury on the "Castle Doctrine" or Ohio's "stand your ground" law.  Both of these claims would have been apparent on the face of the trial court record, yet Trigg did not raise them on direct appeal.  They were therefore barred from later presentation to the Ohio courts by the doctrine of *res judicata*.  *State v. Perry,* 10 Ohio St. 2d 175 (1967).  *Res judicata* as enunciated in *Perry* is an adequate and independent state ground of decision.   Therefore these two grounds for relief are procedurally defaulted.

Ineffective assistance of appellate counsel can be excusing cause for a failure to present a

13

claim on direct appeal, but only if the ineffective assistance of appellate counsel claim has been properly adjudicated in state court. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007). The only method for presenting an ineffective assistance of appellate counsel claim in Ohio is by an Application for Reopening under Rule 26(B). When Trigg filed a 26(B) application, he did not include these claims, so he has not shown excusing cause.

Grounds Three and Four should therefore be dismissed as procedurally defaulted.

**Issues Raised in the Traverse**

In his Traverse, Petitioner argues a number of additional claims including that the State presented perjured testimony and that his trial attorney provided ineffective assistance of trial counsel by not calling certain witnesses. The Court does not reach the merits of those claims because new claims cannot be presented in habeas in the traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

14

should not be permitted to proceed *in forma pauperis*.

June 2, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.